1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DEAN MICHAEL STEVENS,                              No. 2:25-cv-0609 SCR P

12          Plaintiff,

13       v.                                          <u>ORDER</u>

14 SBMC, et al.,

15          Defendants.

16

17      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to

18 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed an application to proceed in forma

19 pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

20      The federal venue statute provides that a civil action "may be brought in (1) a judicial

21 district in which any defendant resides, if all defendants are residents of the State in which the

22 district is located, (2) a judicial district in which a substantial part of the events or omissions

23 giving rise to the claim occurred, or a substantial part of property that is the subject of the action

24 is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

25 this action, any judicial district in which any defendant is subject to the court's personal

26 jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

27      In this case, the claim arose in Mendocino County, which is in the Northern District of

28 California. Therefore, plaintiff's claim should have been filed in the United States District Court

for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATE: February 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2